IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RIVER HILLS DEVELOPMENT LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-455-SMY |
| | ) |
| WEST BEND MUTUAL INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff River Hills Developmental LLC filed a two-count Complaint in state court against Defendant West Bend Mutual Insurance Company ("West Bend") to recover under the insurance policy provided by Defendant for economic losses sustained due to closures necessitated by the global COVID-19 pandemic. Following removal, this case is now before the Court for consideration of West Bend's Motion to Dismiss (Doc. 8), to which Plaintiff responded (Doc. 12). For the following reasons, the Motion is **GRANTED**.

## Background

Plaintiff makes the following relevant allegations in the Complaint: On March 16, 2020, Plaintiff's business was shut down due to Executive Orders from the Governor of the State of Illinois. Plaintiff promptly reported the shutdown. Plaintiff never had a reported case of COVID-19 on its premises or among its employees and has no information that COVID-19 was ever present on the premises or that any individuals on the premises were affected. Defendant West Bend conducted no investigation and denied the claim within days. Plaintiff seeks damages in the amount of $148,000 (the average of the previous three years in business income).

The Business Income provision of the Policy in question covers certain losses of business income caused by direct physical loss of or damaged to the covered property. It provides in relevant part:

> We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration". The "suspension" must be caused by direct physical loss of or damage to property at the premises which are described in the Declarations and for which a Business Income Limit of Insurance is shown in the Declarations. The loss or damage must be caused by or result from a Covered Cause of Loss.

The Extra Expense provision provides in relevant part:

> Extra Expense means necessary expenses you incur during the "period of restoration" that you would not have incurred if there had been no direct physical loss or damage to property caused by or resulting from a Covered Cause of Loss. We will pay Extra Expense (other than the expense to repair or replace property) to: (1) Avoid or minimize the "suspension" of business and to continue operations at the described premises… and (2) Minimize the "suspension" of business if you cannot continue "operations". We will also pay Extra Expense to repair or replace property, but only to the extent it reduces the amount of loss that otherwise would have been payable under this Coverage Form.

The Extended Business Income provision provides in relevant part:

> If the necessary "suspension" of your "operations" produces a Business Income loss payable under this policy, we will pay for the actual loss of Business Income you incur during the period that:
>
> (a) Begins on the date property (except "finished stock") is actually repaired, rebuilt or replaced and "operations" are resumed; and
>
> (b) Ends on the earlier of: (i) The date you could restore your "operations", with reasonable speed, to the level which would generate the business income amount that would have existed if no direct physical loss or damage had occurred; or (ii) 60 consecutive days after the date determined in (1)(a) above.

Under the Policy, the insured premises must undergo a "period of restoration." (Doc. 1-1, Ex. A p. 63-65). The "period of restoration" begins a defined period of time after "the time of direct physical loss or damage." *Id.* at 71. The "period of restoration" ends on the earlier of: (1) "[t]he date when the property at the described premises should be repaired, rebuilt or replaced with

reasonable speed and similar quality"; or (2) "[t]he date when business is resumed at a new permanent location." *Id*.

Separately, the policy includes Civil Authority Coverage, which provides:

When a Covered Cause of Loss causes damage to property other than property at the described premises, we will pay for the actual loss of Business Income you sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the described premises provided that both of the following apply:

(1) Access to the area immediately surrounding the damaged property is prohibited by civil authority as a result of the damage, and the described premises are within that area but are not more than one mile from the damaged property; and

(2) The action of civil authority is taken in response to dangerous physical conditions resulting from the damage or continuation of the Covered Cause of Loss that caused the damage, or the action is taken to enable a civil authority to have unimpeded access to the damaged property.

*Id*., p. 64.

## Discussion

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678.

Under Illinois law, the construction of an insurance policy is a question of law. *Country Mut. Ins. Co. v. Livorsi Marine, Inc.*, 856 N.E.2d 338 (2006). An insurance policy is to be construed as a whole and requires the court to ascertain and give effect to the true intentions of the contracting parties. *First Ins. Funding Corp. v. Fed. Ins. Co.*, 284 F.3d 799, 804 (7th Cir. 2002) (applying Illinois law). "If the words used in the policy are clear and unambiguous, they must be given their plain, ordinary, and popular meaning." *Cent. Ill. Light Co. v. Home Ins. Co.*, 821

N.E.2d 206 (2004). "A policy provision is not rendered ambiguous simply because the parties disagree as to its meaning." *Founders Ins. Co. v. Munoz*, 930 N.E.2d 999 (2010).

Here, the parties' dispute centers on whether Plaintiff's losses are a "direct physical loss of or damage to" the property. Plaintiff asserts that because its business was shut down due to the Governor's Executive Orders, a direct physical loss occurred and they should be afforded coverage under the policy. Plaintiff maintains that that physical loss and physical damage cannot be equated and that to do so would render the policy terms superfluous. West Bend argues that "direct physical loss of or damage to" requires some form of actual "tangible loss" or a "physical alteration" to the structure of Plaintiff's property. West Bend further reasons that the policy only indemnifies against loss or damage to *property* and that the requirement of a "period of restoration" confirms that the damage or loss must be of a nature that the property can be repaired, rebuilt or replaced.

The Seventh Circuit recently addressed this issue in a trio of cases, holding that the term "direct physical loss of or damage to" property does not apply to a business's loss of use of the property without any physical alteration. *See Sandy Point Dental, P.C. v. Cincinnati Insurance Co.*, No. 21-1186, 2021 WL 5833525 (7th Cir. Dec. 9, 2021); *Bradley Hotel Corp. v. Aspen Specialty Ins. Co.*, No. 21-1173, 2021 WL 5833486, at *1 (7th Cir. Dec. 9, 2021); *Crescent Plaza Hotel Owner, L.P. v. Zurich Am. Ins. Co.,* No. 21-1316, 2021 WL 5833485, at *1 (7th Cir. Dec. 9, 2021). Because Plaintiff does not allege any physical damage that would satisfy the requirement of "physical loss or damage" and thus trigger coverage under those provisions of the Policy, the Business Income and Extra Expense coverage does not extend to it under these circumstances.

Next, West Bend argues that Plaintiff does not sufficiently allege coverage under the Civil Authority provision of the Policy which covers "causes of damage to property other than property

at the described premises...provided that both of the following apply:" (1) access to the area is denied as a result of the damaged "but are not more than one mile from the damaged property" and, in relevant part, (2) the "action of civil authority is taken in response to dangerous physical conditions resulting from the damage." Specifically, West Bend contends that the Complaint does not identify any other property, much less plausibly allege any instances of "direct physical loss of or damage to property" at other properties within one mile of Plaintiff's insured premises. For its part, Plaintiff maintains that it sufficiently alleges it suffered a physical loss of the property, and that such loss is applicable to other property as the entire state of Illinois was shut down due to the Governor's orders.

By its plain terms, and for reasons similar to the above-referenced physical damage claim, the "Civil Authority" provision does not apply. Plaintiff has not adequately alleged "direct physical loss of or damage to" to any property. Accordingly, there is no coverage under the Civil Authority provision.

## Conclusion

For the foregoing reasons, Defendant's Motion is **GRANTED**. Plaintiff's Complaint is **DISMISSED with prejudice** and the Clerk of Court is directed to enter judgment accordingly.

    **IT IS SO ORDERED.**

    **DATED: December 14, 2021**

**STACI M. YANDLE**
**United States District Judge**